UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT CASSOTTO | : |
| | : |
| VS. | : CIVIL NO. |
| | : |
| JOHN E. POTTER, | : |
| POSTMASTER GENERAL, | : |
| and FRED DOTSON, POSTMASTER | : AUGUST 17, 2009 |

## COMPLAINT

1. This is an action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendants retaliated against the plaintiff by terminating him from his employment with the United States Postal Service because his previous complaints of age, disability and religious discrimination.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a), and 2201(a) of Title 28 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is,

1

an adult citizen of the United States residing in the State of Connecticut. He is over 40 years of age, having been born on December 31, 1950. He is Roman Catholic and suffers from prostate disease and previous injuries to his right elbow.

4. The defendant Potter is the Postmaster General of the United States and the defendant Dotson is the Postmaster at Torrington, Connecticut, and they are employers within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned. A final decision was rendered in the defendants' favor by the United States Postal Service in USPS EEOC Case Number 4B-060-0032-09 on July 22, 2009.

6. The plaintiff was a letter carrier employed by the defendants as a City Carrier at the Torrington Post Office in Torrington, Connecticut, for approximately twenty (20) years prior to his involuntary termination.

7. On seven occasions between 2003 and 2008, the plaintiff filed complaints with the United States Postal Service Equal Employment Opportunity Office alleging that defendant Dotson and/or his agents had engaged in discrimination against him because of his religion (Roman Catholic), his age (over 40) or his prior documented disabilities.

8. The plaintiff's most recent complaint of unlawful employment discrimination by defendant Dotson and/or his agents was closed on October 21, 2008.

9. Defendant Dotson was aware of the aforesaid complaints of discrimination.

10. The plaintiff had been off work involuntarily, because of a prior wrongful termination by defendant Dotson, when he was ordered returned to work as a result of a successful grievance filed on his behalf by the labor union representing postal employees in Torrington.

11. On October 20, 2008, defendant Dotson telephoned the plaintiff, told him that his prior termination had been reduced to a 30-day suspension, and told him further that he would that day fax him written permission to enter postal property without being arrested. Without such written permission, the plaintiff had been informed by defendant Dotson and his agents that he would be arrested if for any reason he entered USPS property.

12. Defendant Dotson, however, did not provide the plaintiff with written permission to enter the USPS facility until eight (8) days later.

13. The plaintiff was not allowed to enter USPS property until he had received the said written permission.

14. Despite the foregoing facts, on November 26, 2008, defendant

Dotson caused his agent to issue the plaintiff a Notice of Removal for failure to follow instructions and being absent without official leave (AWOL) for the aforesaid eight-day period.

15. The defendants thereupon terminated the plaintiff's employment effective December 26, 2008.

16. The aforesaid actions of the defendants were carried out for the specific purpose of retaliating against the plaintiff for his prior exercise of his rights under the aforesaid statutes to complain of unlawful employment discrimination.

17. In the manner described above, the defendants, through their agents, servants and employees, has discriminated against the plaintiff in violation of the statutes aforesaid.

18. As a result, the plaintiff has suffered and is suffering from economic losses and emotional distress.

WHEREFORE, the defendant claims judgment against the defendants as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

C. Attorney fees and the costs of this action;

D. A temporary and permanent injunction requiring the defendants forthwith to restore the plaintiff to his employment as a carrier;

E. Such other relief as this court shall consider to be fair and equitable.

THE PLAINTIFF

BY: *[signature]*
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
jrw@johnrwilliams.com
His Attorney