```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


ROBERT CASSOTTO                 :
                                :
                                :
v.                              :     CIV. NO. 3:09CV1303(HBF)
                                :
                                :
JOHN POTTER, POSTMASTER         :
GENERAL OF THE UNITED STATES    :
POSTAL SERVICE                  :
```

RULING ON DEFENDANT'S MOTION IN LIMINE [DOC. # 70]

In this case, plaintiff Robert Cassotto alleges that the defendant retaliated against him by terminating his employment on November 26, 2008 because of previous complaints of discrimination on the basis of age, disability and religion. Defendant filed a motion in limine [doc. # 70] anticipating three evidentiary issues at trial, two of which were resolved by agreement of the parties at the October 16th pre-trial conference. The remaining issue concerns the admission at trial of the grievance decision that upheld the Postal Service's termination of Cassotto's employment.

Defendant seeks to admit the grievance decision pursuant to Collins v. N.Y. City Transit Authority, 305 F.3d 113 (2d Cir. 2002), which held that "[w]here an employee's ultimate termination depends upon, and is allowed by, a decision of an

1

independent and unbiased arbitrator based on substantial evidence after a fair hearing, the arbitration decision has probative weight regarding the requisite causal link between an employee's termination and the employer's illegal motive." Id. at 115.  Plaintiff argued at the pre-trial conference that the grievance should be excluded because it is unfairly prejudicial under Federal Rule of Evidence 403.

In Collins, the Court of Appeals affirmed the grant of summary judgment on a Title VII retaliation claim on the basis of a negative arbitration decision. The Court held that,

> a negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee. See Gardner-Denver, 415 U.S. at 45-60, 60 n. 21, 94 S.Ct. 1011. However, a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link.

Collins, 305 F.3d at 119.

In light of the record before the Court, the grievance decision satisfies the Collins test, requiring that the grievance be the decision of an independent and unbiased arbitrator, and based on substantial evidence after a fair hearing. Here, the grievance was considered by Step B Representatives Thomas Bresnahan and Charles Page. Mr. Cassotto testified in his deposition that he did not know these representatives, and there is no evidence that either

representative was partial to plaintiff or the defendant. The representatives considered numerous exhibits, including a statement from the plaintiff, the plaintiff's letter to the postmaster, the notice of removal, and the prior Step B Decision, which were relied on to support the decision against plaintiff. The grievance decision is based on the same facts upon which plaintiff relies on in this case and supported by the evidence considered. For these reasons, the decision is highly probative of the absence of discriminatory intent on the part of the defendant. See Munafo v. Metropolitan Transportation Authority, 2003 WL 21799913 (E.D.N.Y. Jan. 22, 2003) (denying plaintiff's motion to exclude the arbitration decision, applying Collins).

Next, the Court considers whether the grievance is excludable under Federal Rule of Evidence 403.[1] Rule 403 provides that

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

The argument pressed by plaintiff is that the probative value of the decision is substantially outweighed by the danger

---

[1] By his argument, plaintiff concedes the decision is relevant.

of unfair prejudice because the decision is similar to the case to be tried to the jury. The fact that adverse evidence will prejudice a party does not act as an automatic bar. Here, other than the fact of the decision, there is no evidence that undermines the decision's reliability, such as an indication that the decision was factually or legally flawed, failed to consider critical evidence, or did not consider new evidence, which would render it unfairly prejudicial. The Court is persuaded by the reasoning in Collins that arbitration decisions that satisfy the Collins test are highly probative; and, here, the highly probative nature of the grievance decision is not substantially outweighed by the risk of unfair prejudice.

In an abundance of caution, as in Ward v. State of Connecticut, Department of Administrative Services, 3:04cv1217 (MRK)[2], the Court intends to issue a limiting jury instruction addressing the weight, if any, that the jury may give the decision. Furthermore, this Ruling is without prejudice to the plaintiff objecting to any specific part of the grievance decision for reasons beyond those addressed in this Ruling.

---

[2] In a supplemental brief [doc. # 74] filed on October 22, 2012, the defendant brought to the Court's attention the Ward case and the limiting instruction read to the jury concerning the weight to be accorded to the grievance decision.

CONCLUSION

For the foregoing reasons, defendant's Motion in Limine concerning the grievance decision **[doc. #70]** is **GRANTED**. This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge **[doc. #25]** on December 9, 2009, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 23rd day of October 2012.

```
            /s/
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```