UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| ROBERT CASSOTTO | : | |
| | : | |
| v. | : | CIV. NO. 3:09CV1303 (HBF) |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL | : | |

ORDER

Pending before the Court are defendant's post-trial motions [doc. #89, 98]. On June 25, 2013, while those motions were under advisement, this Court received notice from the defendant of additional authority applicable to defendant's post-trial motions. Defendant brought to the Court's attention the case of University of Texas Southwestern Medical Center v. Nassar, No. 12-484, 570 U.S. __, released by the Supreme Court on June 24, 2013.

In Nassar, the Supreme Court held that to prevail in Title VII retaliation cases, a plaintiff must prove that the protected activity was the "but for" cause of the alleged adverse employment action. Prior to this pronouncement by the Supreme Court, courts in the Second Circuit routinely applied the substantial factor or motivating factor test requiring plaintiff to prove that the protected activity was a substantial or

motivating factor leading to the adverse employment action. At trial, consistent with the law of this Circuit, the jury, without objection, was instructed to apply the substantial or motivating factor test in its deliberations. The jury found in favor of plaintiff.

Defendant argues that in addition to the arguments raised in the post-trial motions, the newly issued Nassar decision, heightening the causation standard, applies retroactively, which further strengthens defendant's argument for a new trial or for judgment notwithstanding the verdict. [doc. #106]. Thus, defendant argues, it is entitled to a new trial or for judgment notwithstanding the verdict on this basis. Plaintiff disagrees, arguing that the defendant waived its right to challenge the jury charge by not objecting to the charge at trial even though "defendant was well aware when this case was tried that the Supreme Court was about to issue a ruling in the *Nassar* case." [doc. #107].

The Court agrees that Nassar applies retroactively, and therefore the Court must set aside the jury's verdict and order a new trial. As a general matter, in civil cases, judicial decisions are presumptively retroactive. Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07 (1971). See also 20 Am. Jur. 2d Courts § 150 (2013). Where the United States Supreme Court applies a rule of federal law to the parties before it, that

rule is to be given full retroactive effect in all cases still open on direct review and as to all events, regardless of when they occurred. Harper v. Virginia Dept. of Taxation, 509 U.S. 86 (1993); 20 Am. Jur. 2d Courts § 150 (2013). In Nassar, the Supreme Court vacated the judgment and remanded for further proceedings consistent with its opinion. As such, this Court must apply the rule in Nassar to this case, which is still open.

The Court grants defendant's motion for new trial under Federal Rule of Civil Procedure 59. The Court rejects plaintiff's argument that defendant waived its right to object to the jury charge, in light of the law on retroactivity.

For these reasons, the Court sets aside the jury's verdict and orders a new trial. Defendant's motion for judgment as a matter of law and/or motion for new trial [doc. #98] is GRANTED IN PART AND DENIED IN PART. Defendant's Oral Motion for Judgment as a Matter of Law [doc. #89] is terminated as moot. This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. #25] on December 9, 2009, with appeal to the Court of Appeals.

Entered at Bridgeport this 8th day of August 2013.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE